**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANIEL SPRIGGENS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3219** |
| **ORLEANS PARISH PRISON, ET AL** | **SECTION "I"(5)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Daniel Spriggens, currently incarcerated in Orleans Parish Prison ("OPP"), has filed this pro se and in forma pauperis complaint pursuant to 42 U.S.C. §1983, complaining that he has Hepatitis C and/or other medical problems for which he needs regular medical attention and he is not receiving such medical attention at OPP. Plaintiff has named as defendants OPP, Orleans Parish Sheriff Marlin Gusman, and the "Medical Department".

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the

frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.

**IMPROPER DEFENDANTS**

Plaintiff named OPP as a party to this lawsuit. However, OPP is not a legal entity capable of being sued. Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. §1983; see Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." See Fed.R.Civ.P. 17(b).

According to Fed.R.Civ.P. 17(b), Louisiana law governs whether a defendant can be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Under federal law, a county (or parish) prison facility, is not a "person" within the meaning of the statute. Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570 at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Admin., No. 97-CIV-0420(SS), 1997 WL 659100 at *6 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Hancock v. Washtenaw County Prosecutor's Office, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). In addition, a parish prison is not a proper defendant because it lacks capacity to be sued as required under Fed.R.Civ.P. 17(b) and Louisiana law.

Although Louisiana courts have not ruled on the issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in Roberts v. Sewerage and Water Board of New Orleans, 634 So.2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court

in Roberts stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, §2.18 and authorities cited therein, §§2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

Roberts, 634 So.2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the Roberts Court focused its analysis on the independent management, financing, and operations of the Board. See Id., at 352.

By contrast, in City Council of Lafayette v. Bowen, 649 So.2d 611, 616 (La. App. 3rd Cir. 1994), writ denied, 650 So.2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the Roberts analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the Court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit." Bowen, 649 So.2d at 613.

Furthermore, Louisiana law divides the responsibility for its parish jails. The parish government is charged with its jails' physical maintenance. La. Rev. Stat. Ann. §15:702. However, the duty to administer and operate the jails falls on the sheriff of each parish. La. Rev. Stat. Ann. §15:704. The office of sheriff is a constitutionally created office in Louisiana, existing separately from the parish government. La. Const. Art. 5 §27; see Langley v. City of Monroe, 582 So.2d 367, 368 (La. App. 2nd Cir. 1991) (The parish could not be liable for injuries attributed to the sheriff).

Under the Roberts framework, OPP is not "legally empowered to do" anything independently of either the parish officials or the parish sheriff. The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

Thus, a parish jail or prison is "not an entity, but a building." See Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); accord Dale v. Bridges, No. 3:96-CV-3088-AH, 1997 WL 810033 at *1 n.1 (N.D. Tx. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued). Therefore, the claims against OPP are frivolous and otherwise fail to state a claim for

which relief can be granted pursuant to 28 U.S.C. §1915(e) and §1915A.

Plaintiff has also named OPP's medical department as a party defendant. However, OPP's medical department is likewise not a "person" capable of being sued under §1983. See Jacobson v. Gusman, Civ. Action No. 09-3695, 2009 WL 2870171, at *2 (E.D.La. Aug. 10, 2009), adopted, 2009 WL 2957961 (E.D.La. Aug. 26, 2009); Brewin v. St. Tammany Parish Correctional Center, No. 08-0639, 2009 WL 1491179, at *2 (W.D.La. May 26, 2009) ("[A] 'department' within a prison facility is not a 'person' under §1983."); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D.La. Nov. 1, 2005); Oladipupo v. Austin, 104 F.Supp.2d 626, 641-42 (W.D.La. April 24, 2000); Jiles v. Orleans Parish Prison Medical Clinic, Civ. Action No. 09-8426, 2010 WL 3584059, at *2 (E.D.La. Sept. 7, 2010). Therefore, plaintiff's claims against the medical department should be dismissed as frivolous.

**LACK OF RESPONDEAT SUPERIOR LIABILITY**

In addition to OPP and OPP's medical department, plaintiff has named Orleans Parish Sheriff Marlin Gusman as a party defendant. A state actor, such as Sheriff Gusman, generally may be liable under §1983 only if he "was personally involved in the acts allegedly

causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." Douthit v. Jones, 641 F. 2d 345, 346 (5th Cir. 1981); see also Watson v. Interstate Fire & Casualty Co., 611 F. 2d 120 (5th Cir. 1980). Respondeat superior is not a legal theory under which liability can be visited on Sheriff Gusman. Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 690-91 (1978). Plaintiff does not contend and there is no evidence to suggest that Sheriff Gusman was personally involved or played a role in the medical care, or lack thereof, received by plaintiff. Nor does plaintiff contend that the pertinent medical care, or lack thereof, was in accordance with an unconstitutional policy promulgated by Sheriff Gusman or was the result of Gusman's gross negligence in failing to properly supervise his employees.

**NO DELIBERATE INDIFFERENCE**

In accordance with the Court's October 7, 2010 minute entry (rec. doc. 4), Dr. Gore, the OPP Medical Director, submitted a report (rec. doc. 7), reflecting that he examined petitioner on June 7, 2010, in relation to petitioner's Hepatitis C. At that time, Dr. Gore explained that Hepatitis C "is a virus that often resolves spontaneously(the body fights if off, making the patient immune)."

Dr. Gore further described the evaluation and treatment process associated with Hepatitis C which "typically takes about eighteen (18) months." In response, plaintiff advised "that he would be 'rolling out' in a few months" and based on this fact, along with the fact that the disease is "slow-moving", the decision was made that plaintiff could commence the evaluation/treatment process upon his release from custody. However, Dr. Gore advised plaintiff that if he remained incarcerated at OPP for a longer period of time than anticipated, he was to advise medical personnel so that the evaluation/treatment process could commence.

During the months following his June 7, 2010 examination, plaintiff executed six sick-call forms and was examined by physicians on four occasions. During none of these doctor visits did plaintiff request care for his Hepatitis C.

On October 7, 2010, Dr. Gore was notified of plaintiff's complaint that he was not receiving medical care in connection with his Hepatitis C. On October 8, 2010, Dr. Gore examined plaintiff and the evaluation and treatment process was initiated.

In order to recover under §1983 in connection with a claim of deficient medical care, a plaintiff must show that prison personnel were deliberately indifferent to his serious medical needs. See

Hare v. City of Corinth, 74 F.3d 633, 648-49 (5th Cir. 1996); Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Based upon the above, it is clear that there has been no deliberate indifference to petitioner's serious medical needs. Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415,

1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this 22nd day of November, 2010.

ALMA L. CHASEZ
United States Magistrate Judge

[1]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.